IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OBRIANT WEBB, #32752-177. | ) | |
| | ) | |
| v. | ) | 3:08-CV-0515-D |
| | ) | (3:04-CR-334-D(03)) |
| UNITED STATES OF AMERICA, | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner Obriant Webb ("Webb") is presently confined at the Federal Medical Center Devens in Ayer, Massachusetts. The court has not ordered the government to respond pending preliminary screening.

Statement of the Case: On November 3, 2004, Webb was indicted with a single count of conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Webb*, No. 3:04-CR-0334-D(03) (N.D. Tex., Dallas Div.). Following his plea of not guilty and waiver of his right to counsel, Webb proceeded to trial *pro se* with stand-by counsel. The jury found Webb guilty. On March 13, 2006, the District Court entered judgment sentencing Movant to 212 months imprisonment and a five-year term of

supervised release. During sentencing, the Court advised Webb of his right to counsel on appeal, and informed stand-by counsel that he no longer had any further responsibilities as stand-by counsel. Webb declined appointed counsel on appeal and filed his notice of appeal *pro se*. (*See* April 19, 2006 Ord, #227). The Fifth Circuit Court of Appeals affirmed Webb's conviction and sentence, and dismissed the appeal as frivolous. *Webb v. United States*, No. 06-10357 (5th Cir. Feb. 28, 2007).

Subsequently Webb filed this timely § 2255 motion, which reserved the right to file claims in a memorandum filed eight days later. In 22 grounds, he alleges as follows: (1) ineffective assistance of trial and appellate counsel; (2) lack of subject matter jurisdiction; (3) denial of right to a speedy trial; (4) unconstitutional search and seizure; (5) improper handling of controlled substance by police officers thus breaking chain of custody; (6) improper jury instructions; (7) prosecutorial misconduct; (8) insufficient evidence; and (9) rehearsed and coerced witnesses. Webb requests an evidentiary hearing.

<u>Findings and Conclusions</u>: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

As reflected in the record, Webb represented himself at trial after voluntarily waiving his right to representation by counsel. For purposes of this recommendation the magistrate judge assumes *arguendo* that the conduct of his court-appointed attorney prior to Webb's election to represent himself is subject to the standard in *Strickland v. Washington*, 466 U.S. 668 (1984). When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of

2

trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-694.

At the outset the court notes that Webb's ineffective assistance of counsel's claims are for the most part conclusory and, therefore, fail to present cognizable grounds for habeas relief under § 2255.

Webb alleges counsel "failed to file any pre-trail motions for the discovery of the warrant affidavits for probable cause to search the vehicle rented by Andre Rawls, the night before his arrest or if there was even a search warrant applied for." (Memorandum at 3; *see also* § 2255 Mot. at ground A). Rawls, a cooperating co-defendant, testified at Webb's trial. (Tr. Vol. II at 97). Rawls consented to the search of his vehicle, a green Ford Explorer, both orally and in writing. (*Id.* at 138-39; 22-23). Webb, who was not present at the time of the stop, had no standing to challenge the search of the vehicle. Because his claim is meritless, counsel was not deficient in failing to raise it before trial. *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous abjection does not cause counsel's performance to fall below an objective level of reasonableness . . . .").

Next Webb claims trial counsel "failed to move the prosecution to disclose the warrant affidavits for the wiretaps or communication interceptions and failed to file a motion in limine to keep the illegal evidence out of trial." (Memorandum in Support at 3; *see also* § 2255 motion at grounds C and D, and attached sheet at ground 1). This allegation is conclusory at best. The record reflects counsel requested and the government provided copies of all electronic surveillance, including audio recordings. (*See* Defendant's Motion for Discovery and Inspection

3

filed on Jan. 11, 2005 (Doc. #53), and Gov't Response filed Jan. 20, 2005 (Doc. #68), and Court's Memorandum Opinion and Order filed February 15, 2005 (Doc. #89)). Webb cannot establish that counsel's failure to request the warrant affidavits for the wiretaps and electronic surveillance fell below an objective standard of reasonableness or that he suffered any prejudice as a result thereof. It is noteworthy that at trial Webb, who was proceeding *pro se*, did not object to the introduction of any of the audio recordings.

Webb also claims he was denied the right to counsel on direct appeal and was left to "fend for himself in a complete violation of the Sixth Amendment." (Memorandum at 6-7). This claim is foreclosed by his election to proceed *pro se* on direct appeal. The record reflects Webb knowingly and voluntarily waived his right to appointed counsel on appeal. (*See* Sentencing Tr. at 7-9, and trail court's ord file Apr. 19, 2006, doc. #227). "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'" *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975).

Webb's jurisdictional challenge fares no better. He claims the government could not "arrest him because of lack of jurisdiction under the federal rules." (*See* § 2255 motion at ground B p. 5). He also claims "the government was required to prove the drugs traveled in interstate or Foreign Commerce." (Memorandum at 6). With respect to the trial court itself, he asserts it was not a proper Article III Constitutional Court. (§ 2255 Mot. at Attachment).

Webb challenged the courts' subject matter jurisdiction in a written motion filed before his trial commenced. (*See* Doc. #161, filed on Sep. 26, 2005). The trial court denied the motion because it failed to present any valid ground. (Tr. Vol. 1 at 22-24). On appeal, Webb reiterated

4

his jurisdictional challenge, namely that the trial court was not a proper Article III court, that Texas was not a State of the United States, that he was not arrested within the territorial jurisdiction of the United States, and that his Fourth and Fifth Amendment rights were violated by the lack of jurisdiction. The Fifth Circuit found all jurisdictional arguments to be frivolous. *See Webb v. United States*, No. 06-10357, slip op. at 1-2.

Grounds previously litigated and rejected on direct appeal, cannot be re-urged in a post-conviction motion pursuant to 28 U.S.C. § 2255. *United States v. Webster*, 421 F.3d 308, 310 n. 7 (5th Cir. 2005)(citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)), *cert. denied*, 127 S. Ct. 45 (2006); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). Insofar as Webb seeks to raise new jurisdictional issues, his claims are conclusory at best and patently frivolous.

Webb's remaining grounds, all raised in the attachment to his § 2255 motion, are likewise conclusory. Webb alleges as follows:

> . . . (2) Defendant did not waive his right to speedy trial.[1] (3) Chain of custody broken, alleged substance was improperly handled known and unknown officials. (4) court failed to instruct jury with specific instructions as to [sic] assessing the testimony of witnesses. (5) prosecution misconduct. (6) communication expert admitted not being able to tie Defendant to any phone calls alleged by government. (7) Officer testifie[d] he did not take alleged substance directly to Lab. No evidence of field testing to obtain warrant. (8) There is no information within the indictment of the grand jury's intent to charge defendant with distribution of the substance ICE. (9)There was no evidence of manufacturing or any physical presence of ICE within the case. (10) The jury was insufficiently or incorrectly instructed of defendants [sic] right to due process. . . (13) [W]itnesses were rehearsed and co-erced for cooperating testimony by Government. Defendant alleges Government witnesses threatened by prosecutor of removal for failure to testify. Therefore leading to fraudulent [sic] testimony given by government witnesses . . . .

---

[1] Webb also raised his speedy trial claim in the memorandum in support of his § 2255 motion. (*See* Memorandum at 7).

(§ 2255 Mot. at attachment).

Following a conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a defendant stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc)); *see also United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). A defendant can collaterally challenge his conviction under § 2255 only on constitutional or jurisdictional grounds, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Cervantes*, 132 F.3d at 1109. In the event the error is not of constitutional or jurisdictional magnitude, the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *Id.*; *see also United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). The court can invoke the procedural default defense *sua sponte* if the petitioner has adequate notice and an opportunity to respond. *Willis*, 273 F.3d at 597 (magistrate judge's recommendation raising procedural default defense *sua sponte* granted petitioner ample notice that procedural default was an issue before district court, and reasonable opportunity to argue against application of procedural bar in district court).

None of Webb's remaining claims raise issues of constitutional or jurisdictional magnitude. Moreover, Webb has not attempted to show cause and prejudice for failing to raise the claims on direct appeal, or a complete miscarriage of justice. Therefore, all remaining grounds should be denied as procedurally defaulted.[2]

---

[2] With respect to his speedy trial claim, the court twice continued Webb's trial, first, on the basis of defense counsel's motion for continuance filed in January 2005, and second, on the basis of the government's agreed motion for continuance in May 2005. (*See* Doc. #58 and

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court summarily DISMISS with prejudice the motion to vacate, set aside or correct sentence. *See* Rule 4(b) of the Rules Governing § 2255 Cases.

A copy of this recommendation will be mailed to Movant.

Signed this 18th day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

#131). Moreover, the chain of custody was a disputed issue on which both sides presented testimony at trial. (*See* Corwin Rattler's testimony, Trial Tr. Vol I at 151-154; Officer Paul Stewart's testimony, Trial Tr. Vol. II at 41-42, 49-56; closing arguments, Trial Tr. Vol. II at 34 and 37).